# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 28, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| IRIS RIVERA MORALES, | * | |
| | * | |
| Petitioner, | * | No. 22-563V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Michael A. Baseluos,* Baseluos Law Firm, PLLC, San Antonio, TX, for petitioner.
*Benjamin P. Warder,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 7, 2025, Iris Rivera Morales ("petitioner") filed an amended motion for interim attorneys' fees and costs. Petitioner's Amended Motion for Interim Attorneys' Fees and Costs ("Pet'r Int. App.") (ECF No. 63). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award $196,618.76 in reasonable interim attorneys' fees and costs.

### I.  Procedural History

On May 23, 2022, petitioner filed her claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1), alleging that she developed transverse myelitis which was caused-in-fact by the human papillomavirus vaccine ("HPV") she received on May 24, 2019.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The petition was accompanied by medical records. *See* Petitioner's Exhibits ("Pet'r Exs.") 1-3; 7-13.

On August 3, 2023, respondent filed a Rule 4(c) report, recommending against compensation. Respondent's Rule Report ("Resp't Rept.") (ECF No. 26). Petitioner filed expert reports from Dr. Omid Akbari and Dr. Joseph Jeret. Pet'rs Exs. 20, 22. Respondent filed expert reports from Drs. Robert Fujinami and Kourash Rezania on November 2, 2024. Resp't Exs. A, C. On March 17, 2024, petitioner filed responsive supplemental expert reports from Drs. Jeret and Akbari. Pet'r Exs. 23, 24.

I held a Rule 5 Status Conference in this case on May 3, 2024, during which I explained that both parties had agreed that petitioner suffered the alleged injury of transverse myelitis, but disagreed about causation. Rule 5 Order (ECF No. 48). The parties requested that this case be considered on the record and a briefing scheduling was set. *Id.* Additionally, I directed petitioner "to begin to develop damages so that a reasonable discussion of settlement can be achieved." *Id.* at 3.

Petitioner filed a motion for a ruling on the record on July 24, 2024. Pet'r Motion for Ruling on the Record ("Pet'r Mot. for Ruling") (ECF No. 52). On October 8, 2024, respondent file a response to petitioner's motion. Resp't Response (ECF No. 54). After the parties filed their briefing for a for a ruling, petitioner began to file a vocational assessment by Dr. James Norton Patrick, along with a video home visit and transcript of the visit and a report from the life care planner, Misty Coffman, R.N. *See* Pet'r Exs. 32, 34.

Petitioner filed an amended motion for interim attorneys' fees and costs on January 7, 2025, requesting a total of $207,098.09 in attorneys' fees and costs. More specifically, petitioner is requesting a total of $100,035.00 in attorneys' fees and $107,063.09 in attorneys' costs. Pet'r Int. App. at 11. Respondent filed a response to petitioner's motion on January 21, 2025, stating that he is deferring to the special master to determine if petitioner has met the legal standards for an award of interim attorneys' fees and costs. Resp't Int. Resp. at 2 (ECF No. 64). Respondent also stated that "[t]he Court should continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program," and recommended that an hourly rate of $375.00 for experts, as that is the hourly rate respondent pays experts. *Id.* at 5. Respondent defers to the Court to determine a reasonable award for attorneys' fees and costs. *Id.*

This matter is now ripe for adjudication.

II.   **Entitlement to Attorneys' Fees and Costs**

   A. **Legal standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which

the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioner filed an affidavit stating that she believed that the HPV vaccine caused her to develop transverse myelitis, therefore, petitioner has demonstrated good faith.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner has filed accompanying medical records and expert reports to support her claim. Further, transverse myelitis is an injury which has been compensated in the Vaccine Program. Thus, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner's claim has been pending since 2022 and has been fully briefed for a ruling on entitlement. Further, petitioner's counsel is requesting attorneys' fees that exceeds $30,000.00 and costs with expert fees that exceeds $15,000.00. As this case is now fully briefed and petitioner's experts have filed multiple reports, and petitioner's counsel is a solo practitioner, it appears that the cost of this litigation will impose an undue hardship to counsel. Accordingly, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable Attorneys' Fees and Costs

3

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner is requesting that her attorney, Mr. Michael Baseluos be reimbursed for work performed on this matter between 2022-2024 at an hourly rate of $375.00 per hour for 2022; $400.00 per hour for 2023; and $450.00 per hour for 2024. Mr. Baseluos has been awarded these hourly rates in the past they and are consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedules for those years. *See Bristow v. Sec'y of Health & Hum. Servs.,* No. 19-457V, 2023 WL 5786346 (Fed. Cl. Spec. Mstr. July 27, 2023); *Romero v. Sec'y of Health & Hum. Servs.,* No. 18-1625V, 2024 WL 3878869 (Fed. Cl. Spec. Mstr. July 26, 2024). Accordingly, there is no need to adjust Mr. Baseluous' hourly rate.

Petitioner is also requesting that paralegal work performed by The Carlson Law Firm, which provides paralegal services for petitioner's attorney, be reimbursed for a total of $6,072.50. Pet'r Ex. B. Petitioner is requesting that the paralegals be reimbursed for work at an hourly rate of $175.00 for work performed on this matter between 2020-2024. The requested hourly rates for 2020 and 2021 exceeds what has been previously awarded for paralegal hourly rates in the Vaccine Program. *See Aragon v. Sec'y of Health & Hum. Servs.,* No. 19-1148V, 2024 WL 1599749 (Fed. Cl. Spec. Mstr. Feb. 20, 2024) (reducing paralegal rates from $175.00 per hour to $125.00 per hour for 2020 and $150.00 for 2021). Accordingly, I will reduce her rate to $125.00 for 2020 and $150.00 for 2021. **This will result in a reduction of attorneys' fees of $280.00.**

### C. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review, the overall number of hours billed by petitioner's attorney and paralegal appear to be reasonable and find that the entries adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, and respondent has not raised any objection to the billing entries. **Accordingly, petitioner is awarded interim attorneys' fees in the amount of $99,755.00.**

### D. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 24 (Fed. Cl. 1992). Here, petitioner requests a total of $100,148.12 in attorneys' costs. Pet. Int. App. at 4-10. Petitioner's counsel is requesting $4,646.54 in costs associated with obtaining medical records, postage, the filing fee, and interpretation services for the home visit. *Id.* at 3. Obtaining medical records, the filing fee, language translation services, and postage are typical costs that are reimbursed by the program and are well documented.

The bulk of petitioner's costs are associated with the four experts she has retained. Petitioner retained Drs. Jeret and Akbari for her claim regarding entitlement and also retained a vocational expert and a life-care planner expert for the purpose of formulating possible damages.

Dr. Jeret is requesting a total of $9,750.00 for 19.5 hours of work at $500.00 per hour. It appears that Dr. Jeret's work is primarily complete in this matter, the amount of work he performed on this matter appears to be reasonable, and he has provided a detailed invoice adequately describing the work done on this case and the amount of time spent. Therefore, I will award petitioner Dr. Jeret's full fee of $9,750.00.

Dr. Akbari is requesting a total of $49,555.00 for his work performed on this matter, which includes drafting two reports—an initial report and a responsive report to respondent's experts. *See* Pet'r Int. App. Ex. D. Dr. Akbari's billing statement indicates that he performed 90.1 hours of work at $550.00 per hour for 2023 and 2024. Dr. Akbari has previously been awarded $550.00 per hour for work performed in 2023 and 2024. *See Foukarakis v. Sec'y of Health & Hum. Servs.,* No. 20-1547V, 2024 WL1156130 (Fed. Cl. Spec. Mstr. Feb. 22, 2024); *Bristow v. Sec'y of Health & Hum. Servs.,* No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022); *see also Carroll ex rel J.W. v. Sec'y of Health & Hum. Servs.,* No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023). Another special master noted that Dr. Akbari's opinions on causation are helpful, and he is well qualified in immunology, although he is not a medical doctor and lacks clinical experience. *Reinhardt v. Sec'y of Health & Hum. Servs.,* No. 17-1257, 2021 WL 2373818, at * 4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021). I have previously awarded Dr. Akbari an hourly rate of $550.00 per hour for 2023 and will do similarly in this matter. *See Mangotich v. Sec'y of Health & Hum. Servs.,* No. 21-1458V, 2024 WL 5316648 (Fed. Cl. Spec. Mstr. July, 26, 2024).

Dr. Akbari's invoice indicates that he has worked a total of 90.1 hours on this matter and wrote 2 reports. Pet'r Int. App. Ex. D at 5. The substance of Dr. Akbari's reports is helpful as they provide his opinion on petitioner's theory of causation, however, in the undersigned's experience in the Vaccine Program, I find that the amount of time he spent researching and reviewing medical literature for these reports to be excessive, given his experience in the program. Dr. Akbari spent a total of 18.5 hours in researching and downloading and reviewing medical literature prior to finalizing his draft of his first report. *Id.* at 1-2 (billing 3.2 hours for "selection of 36 references out of 108, making notes to the draft," and billing 1.4 hours for downloading and highlighting "relevant sections for the court."). I have previously encouraged Dr. Akbari to write reports more specific to the issues of the case he is providing an opinion for and less a broad course in immunology. Further, I have also previously requested that Dr. Akbari is more selective in the use of medical literature to support his theory and the enormous number he refers to and is filed becomes a hinderance rather than helpful. In this case, Dr. Akbari wrote 59 pages of expert reports with 70 medical references. I recognize that a significant part of this was generated in response to respondent's experts, but greater economy with more focus on the question at the heart of the case-can and did the HPV vaccine cause the injury in the petitioner, would be more helpful to the court and less expensive in terms of time spent in preparing reports. While it is imperative to research and provide an opinion specific to the present case, the amount of time spent on researching and downloading and reviewing medical literature is excessive.[3] Other experts spend far less time researching and writing reports compared to Dr. Akbari. *See K.B.H. v. Sec'y of Health & Hum. Servs.,* No. 17-1739V, 2021 WL 1344029 (Fed. Cl. Spec. Mstr. Jan. 8, 2021) (awarding Dr. Blitshteyn a total of 37.75 hours for four expert reports as well as literature review); *Jackson v. Sec'y of Health & Hum. Servs.,* No. 17-538V, 2019 WL 7560237 (Fed. Cl. Spec. Mstr. Nov. 15, 2019) (awarding $10,875.00 for costs associated with Dr. Steinman's four expert reports and associated literature review). Further, other special masters have found Dr. Akbari's billing practices to be excessive and accordingly, reduced his billing by 20%. *See Neives v. Sec'y of Health & Hum. Servs.,* 2023 WL 7131801, at *5 (finding Dr. Akbari's billing of 164.20 hours to constitute "an excessive amount

---

[3] Additionally, the undersigned has experience in reviewing Dr. Akbari's reports from other Vaccine Program cases, and he often discusses similar, if not the same, concepts in those reports as well.

of time for a case that did not go to hearing."); *Baker v. Sec'y of Health & Hum. Servs.,* No. 21-1869V, 2025 WL 1513417, at *5 (finding that Dr. Akbari's billing a total of 51.5 hours for two reports for a case that did not go to hearing to be excessive). Here, Dr. Akbari has spent 90.1 hours of work on two expert reports on a case that will not go to a hearing.

In making reductions, a line-by-line evaluation of the fee application is not required. *Broekelschen v. Sec'y of Health and Hum. Servs.,* 102 Fed. Cl. 719, 729 (2011); *see also Wasson v. Sec'y of Health and Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). Rather, special masters may " 'render a decision based on general guidelines as to a reasonable fee[ ]' " in the context of the Vaccine Program and in the context of this case in particular. *Wasson*, 24 Cl. Ct. at 484. Additionally, an expert should be compensated only for the number of hours reasonably expended by the expert. *King ex rel. King v. Sec'y of Health & Hum. Servs.*, No. 03–584V, 2010 WL 5470787, at *4 (Fed. Cl. Spec. Mstr. Dec. 13, 2010) (indicating that counsel had a "duty to 'monitor the expert's overall fees to ensure that the fees remain reasonable.' "); *Hines ex rel. Sevier v. Sec'y of Dep't of Health & Human Servs.*, 22 Cl. Ct. 750, 754 (1991) ("The special master is within his discretion in reducing hours that are duplicative, padded, spent on unrelated matters, or not 'reasonably expended.' " (quoting *Griffin & Dickson v. United States*, 21 Cl. Ct. 1, 11 (1990)). Accordingly, I will reduce Dr. Akbari's time spent on this matter by 10% or 9 hours, resulting in a reduction of his fees by $4,455.00. **Thus, the total costs for Dr. Akbari to be awarded is $45,100.00.**

Finally, petitioner requests a total of $43,111.55 in expert costs associated with the damages portion of this case. Petitioner is requesting $18,286.58 for Dr. Patrick, the Vocational Expert and $24,824.97 for RN Coffman, the life care planner. Pet. Int. App. at 10-11.

Petitioner requests that Dr. Patrick be reimbursed at an hourly rate of $325.00 per hour and worked a total of 52.95 hours. Pet. Int. App. Ex. F. Dr. Patrick has provided his opinion in other Vaccine Program cases and has provided a detailed invoice identifying the hours worked and time allocated for each billing entry. *See Reinhardt v. Sec'y of Health & Hum. Servs.,* 17-1257V, 2021 WL 2373818, at * 7. However, Dr. Patrick also billed at his full hourly rate for travel for a total of 15.5 hours. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half the hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Hum. Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Given that Dr. Patrick drove to the petitioner's home it is unlikely that he worked during such hours, I will reduce his fee for the time traveled in half, resulting in a reduction of fees by $2,518.75. **The total fee awarded to Dr. Patrick shall be $15,767.38.**

RN Coffman is requesting a total of $24,824.97 in fees, inclusive of expenses, mostly associated with traveling for a home visit for petitioner. RN Coffman is requesting an hourly rate of $300.00 and performed 59.7 hours of work to complete a life care plan. Pet'r Int. App. Ex. G. RN Coffman also spent $6,914.97 in expenses to travel to petitioner. *Id.* at 11-12. RN Coffman also billed her full rate for traveling to petitioner for a total of $6,450.00. As discussed above, RN Coffman's time billed for travel when no other work was being performed will be

compensated at one-half the hourly rate. As a result, RN Coffman's total fee will be reduced by $3,225.00. **The total fee awarded to RN Coffman will be $21,599.00.**

IV.   Conclusion

In accordance with the above, petitioner's application for interim attorneys' fees and costs is **GRANTED IN PART.** I find petitioner's attorney is entitled the following reasonable interim attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $100,035.00 |
| **(Reduction of Attorneys' Fees):** | **($280.00)** |
| **Interim Attorneys' Fees Awarded:** | **$99,755.00** |
| | |
| Attorneys' Costs Requested: | $107,062.51 |
| **(Reduction of Attorney's Costs)** | **($10,198.75)** |
| **Interim Attorneys' Costs Awarded:** | **$96,863.76** |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$196,618.76** |
| **Accordingly, the undersigned awards:** | |

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $196,618.76 (representing $99,755.00 in attorneys' fees and $96,863.76 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

   **IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).